UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO.: |
| | : | |
| v. | : | |
| | : | |
| $142,000.00 DOLLARS IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| [CLAIMANT: DANIELLA FOX] | : | August 27, 2015 |

VERIFIED COMPLAINT OF FORFEITURE

Now comes Plaintiff, United States of America, by and through its attorneys, Deirdre M. Daly, United States Attorney for the District of Connecticut, and David X. Sullivan, Assistant United States Attorney, and respectfully states that:

1. This is a civil action in rem brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of property which constitutes or is derived from proceeds traceable to any listed violation of law or any offense constituting "specified unlawful activity," or a conspiracy to commit such offense, and 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

3. The Defendant is $142,000.00 in United States Currency ("Defendant Currency").

4. The Defendant Currency is located within the jurisdiction of this Court.

5.      Daniella Fox ("Claimant") has submitted an administrative claim of ownership as to the Defendant Currency.

<u>Background of Investigation</u>

6.      During the month of August, 2014, law enforcement received information from a Confidential Source ("CS") regarding the narcotics distribution activities of Willie Franco ("Franco"), the Claimant and a Third Party ("Third Party"). The CS advised of multiple regular purchases of cocaine, crack cocaine, and heroin from Franco at locations throughout the greater New Haven area, including Franco's second floor residence, identified as 628 George Street, New Haven, CT ("628 George Street"). That address is also known to be the residence of the Claimant and the Third Party.

7.      During the week of August 15, 2014, law enforcement met with the CS at a predetermined location to coordinate a controlled purchase of crack cocaine from Franco. Law enforcement searched the CS and his/her vehicle for contraband with negative results. Prior to meeting with law enforcement to prepare for the controlled purchase, the CS had been in contact with Franco and a location was determined for the crack cocaine transaction. The CS was provided with a quantity of New Haven Police Department ("NHPD") serialized funds to make the purchase and was outfitted with a listening device. The CS departed to make the purchase and law enforcement kept the CS under constant surveillance to the prearranged meeting place. The CS was then observed by law enforcement meeting with Franco and the Claimant, where the transaction was completed.

8.      The CS was followed by law enforcement as he/she traveled back to their predetermined location where the CS turned over to law enforcement a quantity of crack cocaine

purchased with the NHPD serialized funds.  The substance field-tested positive for the presence of crack cocaine.

9. On January 5, and January 6, 2015, surveillance was established by law enforcement at 628 George Street.  During that time period law enforcement observed multiple suspected narcotics transactions.  Franco, the Claimant and the Third Party were seen entering and exiting the front and rear of 628 George Street and spending short periods of time in various vehicles that had stopped in the driveway or had stopped around the surrounding area near 628 George Street.  At different times, both Franco and the Claimant were observed completing hand-to-hand transactions to individuals inside and outside of these vehicles.

10. On January 20, 2015, an additional hand-to-hand narcotics transaction conducted by Franco was observed by law enforcement on the front porch of 628 George Street.  A short time later, Franco and the Claimant were observed driving from 628 George Street and engaging in various vehicular maneuvers known by law enforcement to be consistent with counter-surveillance strategy.  Franco and the Claimant then returned to 628 George Street, entering through the rear door of the building.

11. Approximately three hours after returning to 628 George Street, the Claimant exited the residence on foot and approached two unmarked undercover law enforcement vehicles.  One law enforcement vehicle was parked in front of 628 George Street.  The other law enforcement vehicle was parked less than two blocks away.  In each instance, the Claimant knocked on a window and attempted to question the plain-clothes law enforcement officers in a manner that lead them to believe Franco and the Claimant had identified them as law enforcement.  After attempting to question the officers, the Claimant returned to 628 George Street.  Based upon the foregoing information, law enforcement applied for a State of

Connecticut Search and Seizure Warrant for 628 George Street, which was issued on January 22, 2015.

12. On January 29, 2015, law enforcement executed the State of Connecticut Search and Seizure Warrant on 628 George Street. At that time, Franco and the Claimant were arrested at another location on outstanding felony arrest warrants for their participation in controlled narcotics transactions.

13. Incident to searching the premises, law enforcement seized the Defendant Currency, which was located inside the drop ceiling of a second floor bedroom used by Franco and the Claimant. Mail addressed to Franco was also found near the Defendant Currency inside the drop ceiling.

14. Law Enforcement seized from the Third Party's second floor bedroom at 628 George Street an additional $19,400.00 in United States currency from inside the drop ceiling. This money was ultimately administratively forfeited[1] by the DEA.

15. In addition to the Defendant Currency, law enforcement seized the following items: a white rock substance later testing positive as crack cocaine located in a small dresser drawer of Franco and Claimant's bedroom; 2.5 blue oval pills identified as Alazopram (a Schedule IV narcotic); twenty (20) .357 caliber rounds and various packaging materials found inside a wallet located inside a small dresser drawer inside Franco and Claimant's bedroom; a small bottle of cutting agent and rubber stamps located inside Franco and Claimant's nightstand; a suspected drug ledger discovered inside the nightstand located in Franco and Claimants' bedroom; one (1) small black scale; one (1) box of plastic bags and two (2) bags of small baggies; one (1) scale and razor blades located in the kitchen of 628 George Street; and one (1)

---

[1] Despite being provided notice of administrative forfeiture, the Third Party failed to file a verified claim resulting in the uncontested forfeiture of these funds.

gun case containing two (2) magazines located in the front storage closet of 628 George Street. The presence of the foregoing items in 628 George Street lead law enforcement to believe that the apartment was being utilized to store, sell and manufacture narcotics.  On February 5, 2015, based upon these findings, State of Connecticut Arrest Warrants were issued for both Franco and the Claimant, which were executed February 7, 2015.

16. An inquiry with the State of Connecticut Department of Labor revealed no employment history for Franco, the Claimant, or the Third Party for the past five (5) years.

## Claims for Relief

17. Based upon the above information, it is believed that the Defendant Currency constitutes property or is derived from proceeds traceable to a violation constituting "specified unlawful activity" and is therefore subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C).

18. The Defendant Currency represents proceeds or property derived from engaging in "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical," and is therefore subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C).

19. Based upon the above information, it is believed that the Defendant Currency constitutes proceeds from the illegal sale and distribution of narcotics and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

20. The Defendant Currency represents proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that Warrants of Arrest In Rem be issued for $142,000.00 in United States currency; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Currency to be condemned and forfeited to the United States of America for disposition according to the law; and that the United States of America is granted such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

DIERDRE M. DALY
UNITED STATES ATTORNEY


_____/s/ John B. Hughes_____
JOHN B. HUGHES
ASSISTANT UNITED STATES ATTORNEY


_____/s/ David X. Sullivan_____
DAVID X. SULLIVAN
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO.: ct03793
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT 06510
PHONE NO.: (203) 821-3700

## DECLARATION

I am a Task Force Officer for the Drug Enforcement Administration, and the agent assigned the responsibility for this case.

I have reviewed the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of August, 2015.


       /s/ Jeffrey E. Vailette
JEFFREY E. VAILETTE
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION